1   DONALD J. DeGABRIELLE, JR.
    United States Attorney
2   DAVID GUERRA
    Assistant United States Attorney
3   Southern District of Texas

4   RONALD J. TENPAS
    Acting Assistant Attorney General
5   Environment and Natural Resources Division
    JEAN E. WILLIAMS, Chief
6   Wildlife and Marine Resources Section
    JIMMY A. RODRIGUEZ, Trial Attorney
7   Attorney-In-Charge
    Texas Bar No. 24037378
8   U.S. Department of Justice
    Ben Franklin Station, P.O. Box 7369
9   Washington, D.C. 20044-7369
    (202) 305-0342 (tel.)
10  (202) 305-0275 (fax)

11  Attorneys for Defendants

12              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
13                   MCALLEN DIVISION

14  ─────────────────────────────    )
    MC ALLEN GRACE BRETHREN           )
15  CHURCH, et al.,                   )
                                      )
16          Plaintiffs,               )   No.  07-CV-060
                                      )
17  v.                                )   **REPLY IN SUPPORT OF**
                                      )   **DEFENDANTS' MOTION TO**
18  United States Attorney            )   **DISMISS OR, IN THE**
    General, Alberto Gonzales, et     )   **ALTERNATIVE, TO STAY PENDING**
19  al.,                              )   **THE RESOLUTION OF PARALLEL**
                                      )   **CRIMINAL PROCEEDING**
20          Defendants.               )
    ─────────────────────────────    )
21

22

23

24

25

26

27  Defs' Reply in Support
    of Motion to Dismiss                           Case No. CV 07-060

1    As explained in Federal Defendants' Motion to Dismiss,
2 Plaintiffs' Complaint must be dismissed pursuant to Heck v.
3 Humphrey, 512 U.S. 477 (1994), because this action necessarily
4 challenges the validity of an ongoing criminal proceeding.   In
5 the alternative, Defendants moved to stay this action pending the
6 resolution of criminal proceedings in United States of America v.
7 Cleveland, 06-MJ-04806 (S.D. Tex.).   For the reasons set forth in
8 Defendants' Motion to Dismiss and in this reply, the Court should
9 dismiss Plaintiffs' Complaint in its entirety.

10    In their Response, Plaintiffs have: (1) stated (without
11 explanation or supporting legal authority) that they "resist"
12 Defendants' Motion to Dismiss; (2) agreed to stay proceedings
13 pending the resolution of Mr. Cleveland's criminal case; (3)
14 agreed to remove Mr. Cleveland from this suit "as long as [he]
15 can rejoin Plaintiffs later"; and (4) asked for a temporary
16 injunction preventing the "seizure of feathers at American Indian
17 Powwows."   See Plaintiffs' Response ("Resp."), Docket No. 6.

18    Importantly, Plaintiffs have failed to respond to the
19 following arguments: (1) that the Court lacks jurisdiction over
20 Plaintiffs' claims regarding eagle feathers due to Plaintiffs'
21 failure to exhaust administrative remedies; and (2) that
22 Plaintiffs have named improper parties as Defendants in this suit
23 and that, if this case is allowed to proceed, the United States
24 Department of the Interior and the United States Fish and
25 Wildlife Service ("FWS") should be substituted as the only named
26 Defendants.   Because Plaintiffs have not responded to these
27

1    arguments, they should be deemed conceded. <u>See</u> <u>4-County Elec.</u>

2    <u>Power Ass'n v. TVA</u>, 930 F. Supp. 1132, 1143 (S.D. Miss. 1996)

3    ("Plaintiff made no response to that aspect of TVA's motion and

4    thus has apparently conceded TVA's motion with respect to that

5    claim."); <u>Rascon v. Austin I.S.D.</u>, No. A-05-CA-1072 LY, 2006 WL

6    2045733, *4 n.3 (W.D. Tex. July 18, 2006) ("It is noteworthy that

7    Plaintiff has not responded to these arguments and thereby

8    appears to have conceded them.")

9    **This Action Must Be Dismissed**.

10       Despite Plaintiffs' resistance, this action must be

11   dismissed in its entirety.  In their response, Plaintiffs have

12   failed to articulate any rationale or cite any legal authority

13   explaining why this case should not be dismissed.  Resp. at 1-2.

14   This is for good reason -- dismissal is clearly mandated by <u>Heck</u>

15   <u>v. Humphrey</u> and its progeny.  The fact that Plaintiffs have

16   agreed to remove Michael Cleveland as a Plaintiff (at least

17   temporarily) does not change the outcome.

18       Even without the participation of Mr. Cleveland, the

19   remaining Plaintiffs cannot proceed with this action without

20   violating the doctrine set forth in <u>Heck v. Humphrey</u>.  In their

21   response, Plaintiffs have not disputed that the encompassing

22   premises of their claims are (1) that Defendants have erred in

23   interpreting the laws prohibiting the possession of certain

24   feathers (<u>e.g.</u>, the Migratory Bird Treaty Act) as applying to

25   American Indians who are not registered members of federally

26

27   Defs' Reply in Support
     of Motion to Dismiss           -2-           Case No. CV 07-060

1  recognized tribes and (2) that a FWS Agent's actions on March 11,
2  2006, violated Plaintiffs' Constitutional rights.  These legal
3  questions -- and the underlying facts giving rise to them -- are
4  the exact issues before the court in <u>United States of America v.</u>
5  <u>Cleveland</u> and this suit must therefore be dismissed pursuant to
6  <u>Heck</u>.

7       A recent Fifth Circuit decision, handed down after the
8  filing of Defendants' Motion to Dismiss, is instructive on this
9  point.  In <u>Deleon v. City of Corpus Christi</u>, --- F.3d ---, 2007
10 WL 1560082 (5th Cir. 2007), the Fifth Circuit held that <u>Heck v.</u>
11 <u>Humphrey</u> applies with full force to deferred adjudications.  In
12 making this holding, Judge Higginbotham discussed <u>Heck</u> in detail
13 and noted that its application

> avoids parallel litigation over the issues of probable
> cause and guilt ... and it precludes the possibility of
> the claimant [] succeeding in the tort action after
> having been convicted in the underlying criminal
> prosecution, in contravention of a strong judicial
> policy against the creation of two conflicting
> resolutions arising out of the same or identical
> transaction.

<u>DeLeon</u>, 2007 WL 1560082 at *4 (quoting 8 S. Speiser, C. Krause, &
A. Gans, American Law of Torts § 28:5, p.24 (1991)).

     The Fifth Circuit went on to hold that the <u>Deleon</u> plaintiff
could not proceed with an excessive force claim even though he
argued that such a claim did not call into question the validity
of his criminal conviction/deferred adjudication. <u>DeLeon</u>, 2007 WL
1560082 at *6.  The court noted that all of Deleon's claims in
the civil suit were based upon a "single violent encounter

throughout which [the police officer allegedly] used excessive force." Id. Thus, because the suit squarely challenged the factual determinations underlying his conviction, even claims that purportedly did not directly challenge the legality of his arrest were held to be "inseparable" and barred by Heck. Id.

Similarly, here, many of Plaintiffs' claims -- regardless of which Plaintiffs are advancing them -- are "inseparable" from Mr. Cleveland's criminal case and success by any of the Plaintiffs here would run the risks of "two conflicting resolutions arising out of the same [] transaction," Deleon, at *4. As discussed in Defendants' Motion to Dismiss, the legal claims asserted in this civil suit also have been asserted as defenses to the criminal prosecution in United States v. Cleveland. See generally Appeal Brief, Exhibit 3 to Defendants' Motion to Dismiss, Docket No. 5. Further, it is unquestionable that the facts underlying Mr. Cleveland's criminal conviction are also the basis for the instant action. Compare Exhibit 3 with Complaint at pp. 10-23 (factual allegations taken directly from the appeal brief filed in United States v. Cleveland). Thus, several, if not all, of the claims at issue in this case are "inseparable" from the facts and legal rulings supporting Mr. Cleveland's criminal conviction -- regardless of which Plaintiffs are actually asserting them. Accordingly, this suit must be dismissed in its entirety, even if Mr. Cleveland temporarily withdraws from the case.

**Plaintiffs' Request for an Injunction Should Be Denied.**

In their response, Plaintiffs have requested that the Court issue an injunction prohibiting the Government from seizing feathers at American Indian Powwows, pending the outcome of this case. Resp. at 1. This is a request for a preliminary injunction, which the Court need not address if it dismisses this case pursuant to Heck. Assuming that the Court does address the issue, Plaintiffs' request must be denied because they have failed to make the showings necessary to establish entitlement to a preliminary injunction.

A movant seeking a preliminary injunction must establish four factors: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991) (citations omitted). Because a preliminary injunction is an extraordinary and drastic remedy, the movant must carry his burden of persuasion "by a clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). Conclusory allegations are not sufficient to support a request for a preliminary injunction; instead, strict proof of each element is required before a preliminary injunction may issue. See Plains Cotton Co-op. Ass'n of Lubbock v. Goodpasture Computer Servs., 807 F.2d 1256, 1261 (5th Cir. 1987). In the instant case,

1  Plaintiffs' unsworn statements fail to address, much less clearly

2  prove, the four required factors and their request for

3  preliminary relief must therefore be denied.[1]/

4        For all the reasons discussed above, Defendants respectfully

5  request that the Court grant Defendants' Motion to Dismiss.  As

6  the Fifth Circuit recently held, "[a] preferred order of

7  dismissal in Heck cases decrees, Plaintiffs claims are dismissed

8  with prejudice to their being asserted again until the Heck

9  conditions are met."  DeLeon, at *6 (internal quotations

10  omitted).  A similar order dismissing Plaintiffs' claims with

11  prejudice should be entered here.

12  DATED:    June 11, 2007

13                                DONALD J. DeGABRIELLE, JR.
                                  United States Attorney
14                                DAVID GUERRA
                                  Assistant United States Attorney
15                                Southern District of Texas

16                                RONALD J. TENPAS
                                  Acting Assistant Attorney General
17
                                  s/Jimmy A. Rodriguez
18                                JIMMY A. RODRIGUEZ, Trial Attorney
                                  Attorney-in-Charge
19                                Texas Bar No. 24037378

20  _____

21  [1]/    Further, Plaintiffs' requested injunctive relief is not
    available because it would violate constitutional separation of
22  powers by requiring the Court to prospectively bar the Executive
    Branch from exercising its prosecutorial discretion.  See Heckler
23  v. Chaney, 470 U.S. 821, 831 (1985) (noting that "an agency's
    decision not to prosecute or enforce, whether through civil or
24  criminal process, is a decision generally committed to an agency's
    absolute discretion"); United States v. Cox, 342 F.2d 167, 171 (5th
25  Cir. 1965) ("It follows, as an incident of the constitutional
    separation of powers, that the courts are not to interfere with the
26  free exercise of the discretionary powers of the attorneys of the
    United States in their control over criminal prosecutions").

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

United States Department of Justice
Environment & Natural Resources
Division
Wildlife & Marine Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044-7369
Tel: (202) 305-0342
Fax: (202) 305-0275

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2007, I served a copy of the foregoing via the District's Electronic Case Filing System, on the following:

Marisa Y. Salazar
Civil Rights Legal Defense & Edu. Fund, Inc.
519 Culebra Road
San Antonio, Texas 78201
Telephone: 210-334-5209

                                        s/Jimmy A. Rodriquez
                                        JIMMY A. RODRIGUEZ