IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION

| | | |
|---|---|---|
| **Mc Allen Grace Brethren Church, Native American New Life Center, San Antonio Indian Fellowship; South Texas Indian Dancers Association; Linda Cleveland,** Individually; **Michael Russell,** Individually; **Veronica Russell,** Individually; **Edith Clark,** Individually and as council member of Native American New Life Center; **William Clark,** Individually, and as member of Native American New Life Center; **Carrie Felps**, Individually; **Homer Hinojosa, III,** Individually and as member of Mc Allen Grace Brethren Church, San Antonio Indian Fellowship, and South Texas Indian Dancers Association; **Nancy Hollingworth,** as member of Native American New Life Center; **Lucian Oden,** as member of San Antonio Indian Fellowship; **Xavier Sanchez,** as member of San Antonio Indian Fellowship; **and Pastor Robert Soto,** Individually, and on behalf of Mc Allen Grace Brethren Church, Native American New Life Center, San Antonio Indian Fellowship, and South Texas Indian Dancers Association, <br><br>     **Plaintiffs,** <br>           V. <br><br> **Secretary of the U.S. Dept. of Interior, Ken Salazar, in his official capacity,** <br><br>     **Defendant.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CIVIL NO. 7:07-CV-060** <br><br> **SUMMARY JUDGMENT PLANTIFFS REPLY** |

**PLAINTIFFS' REPLY TO GOVERNMENT'S RESPONSE TO AMENDED MOTION FOR SUMMARY JUDGMENT**

1. *Saenz* **is good case law (at page 9 of Government's Response).** Government relies heavily on *Hardman* and *Wilgus* in its argument to deny Indians not enrolled in federally-recognized tribes feathers of protected species for their religious ceremonies and practices. The *Hardman* and *Wilgus* cases dealt

Page **1** of **5**

specifically with white men possessing eagle feathers. *Saenz* dealt with an Indian not enrolled in a federally recognized tribe possessing feathers. The U.S. District Court in Albuquerque and the 10th Circuit Court said the Indian gentleman Saenz could keep his eagle feathers. The white men Hardman and Wilgus could not keep theirs.

2. **Plaintiffs are not using the *Michael Cleveland Case* as legal authority (at page 20 of Government's Response).** We are merely referring to a point made by the government's attorney Janet Spaulding in her letter denying return of Rev. Soto's and Mr. Russell's feathers that a powwow is a religious event. Moreover, if Government reviews the USFWS citations of Soto and Russell, it is clear they were cited for violation of both the Eagle Act (16 USC 668) and the MBTA (16 USC 703). One further point, *Cleveland* failed to get back his feathers because U.S. District Judge Randy Crane found the feathers were for sale. Soto's and Russell's feathers were not for sale.

3. **Government's argument that there would be increased demand for eagle feathers at its Eagle Repository if all Indians had the right to practice their religion is irrelevant (at page 11 of Government's Response).** 98.9 percent of Indians enrolled in federally-recognized tribes refuse to apply for feathers through the Eagle Repository. Plaintiffs in this case would not apply either. Moreover, Plaintiffs have indicated throughout this cause that they have a "no kill" policy when it comes to protected species of birds. There are more than enough feathers that can be collected from living birds that "molt" large amounts of feathers each

year. Furthermore, for most Indians their religious ceremonies require that the feathers come from "living" birds, not dead birds.

4. **APA Argument is without merit (at page 3 of Government's Response).** Plaintiffs did not understand their feathers were being taken from them permanently. They believed signed relinquishments were merely inventories of feathers seized. Further, plaintiffs' administrative remedies were properly exhausted.

5. **New federal policy for Indians possessing eagle feathers announced on October 12, 2012.[1]** Very recently, the federal government showed that it can budge when it comes to its feather permit policy. On October 12th, the Department of Justice announced it would **no longer prosecute** Indians in federally recognized tribes who:

- Have or use the feathers or other parts of eagles or other migratory birds.

- Pick up naturally fallen or molted feathers found in the wild, without disturbing birds or their nests.

- Give or lend the feathers or other parts of eagle or other migratory birds to other members of federally recognized tribes.

- Exchange with other members of federally recognized tribes, without payment of any kind, the feather or other parts of eagles or other migratory birds or items.

- Give feathers or other parts of eagle or other migratory birds to craftspersons who are also members of federally recognized tribes to be

---

[1] Frieden, Terry, CNN Justice Producer, "New U.S. policy seeks to end legal battle over eagle feathers," October 12, 2012, http://religion.blogs.cnn.com/2012/10/12/new-u-s-policy-seeks-to-end-legal-battle-over-eagle-feathers/?ref=allsearch (Downloaded 10/15/12, 9:50 AM).

> fashioned into cultural or religious items. Craftpersons may be paid for their work, but no payment may be made for the feathers or other parts of the eagles or other migratory birds.
>
> - Travel in the United States with the feathers or other parts of eagles or migratory birds.
>
> - Travel internationally with the feathers or other parts of eagles or other migratory birds, subject to permit requirements.

Unfortunately, this new policy appears to be little more than an acknowledgement that its requirement that Indians have federal permits to possess their feathers is a complete failure. A vast majority of Indians, including those enrolled in federally-recognized tribes, have found the permit requirement burdensome and offensive, and they have refused to comply with it.

This tactic of appearing to implement a reasonable feather policy was used by the federal government during the *Joseluis Saenz* case. In 1999, after years of litigation in the *Saenz* case, the federal government specified a policy limiting eagle feathers to only members of federally-recognized tribes. The U.S. District Court and 10th Circuit did not buy the so-called "new" policy in the *Joseluis Saenz* case, because it did not go far enough.

6. **FINAL POINT**: Plaintiffs and their attorneys will appear in person in court on November 20, 2012, at 4:00 P.M., at request of Plaintiffs.

Respectfully submitted,
BY: _/s/ Milo Lone-Eagle Colton _____
Dr. Milo Lone-Eagle Colton, Regional Counsel
Nebraska Bar No: 19693
Civil Rights Legal Defense & Edu. Fund, Inc.

/s/ Marisa Y. Salazar_____
Marisa Y. Salazar, Regional Counsel
ATTORNEY IN CHARGE FOR PLAINTIFFS New Mexico Bar No: 25887
Civil Rights Legal Defense & Edu. Fund, Inc.
519 Culebra Road
San Antonio, Texas 78201
Telephone: 210-334-5209
Fax: 210-492-1601

**CERTIFICATE OF SERVICE**
This is to certify that on October 24, 2012, the attached Plaintiffs' Reply to Government's Response to Amended Motion for Summary Judgment was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system, including the Counsel listed below. Parties may access this filing through the Court's system.

Jimmy Rodriguez
Assistant U.S. Attorney
Southern District of Texas
919 Milam, Suite 1500
P.O. Box 61129
Houston, TX 77208

**Attorney for Defendant** _/s/Marisa Y. Salazar_____
Attorney for Plaintiffs