UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MC ALLEN GRACE BRETHREN CHURCH, et al., | ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION No. 07:07-060 |
| v. | ) ) | **STATEMENT OF ISSUES ON APPEAL** |
| Ken Salazar (in his official capacity), U.S. Department of Interior, | ) ) ) | |
| Defendants. | ) | |

COMES NOW, Appellants McAllen Grace Brethren, et. al., and file this Statement of Issues. Appellants request that the Fifth Circuit Court of Appeals answer the following questions on appeal:

1. Should the District Court's decision be reversed because the Government's policy excluding Appellants, for lack of enrollment in a federally recognized tribe, from using eagle feathers and bird parts central and essential to their religious beliefs and practices, is not the *least restrictive means* to protect their alleged compelling interest and therefore violates Plaintiffs' right to freely exercise their Indian religion as protected under the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act (RFRA)?

2. Should the District Court's decision be reversed because the Government's policy, excluding Appellants', for lack of enrollment in a federally recognized tribe, from using eagle feathers and bird parts central and essential to their religious beliefs and practices, *substantially burdens* Appellants' right to freely exercise their Indian religion as protected under the Free Exercise Clause of the First Amendment and the RFRA?

3. Should the District Court's decision be reversed because the Government's *policy basis* of *protecting eagle populations* to the extent of prohibiting Appellants' from using eagle feathers and bird parts central and essential to their religious beliefs and practices although Appellants' engage a no-kill policy, *fails* to meet the strict scrutiny analysis for *a "compelling government interest"* under the Free Exercise Clause of the First Amendment and RFRA?

4. Should the District Court's decision be reversed because the Government's *policy basis* of *protecting American Indian religion* and culture to the extent of prohibiting Appellants' from using eagle feathers and bird parts central and essential to their religious beliefs and practices, *fails* to meet the strict scrutiny analysis for *a "compelling government interest"* under the Free Exercise Clause of the First Amendment and RFRA?

5. Should the District Court's decision be reversed because, in the enforcement of BGEPA (Bald and Golden Eagle Protection Act) and the MBTA (Migratory Bird Treaty Act), the Government's substitution of the statutorily prescribed *definition of Indian* with a definition requiring enrollment in a federally recognized tribe violates RFRA and the Free Exercise Clause of the First Amendment by criminalizing Appellants for use of eagle feathers and bird parts considered central and essential to their religious beliefs and practices?

Respectfully submitted:

BY: _/s/ Milo Lone-Eagle Colton _____
Dr. Milo Lone-Eagle Colton, Regional Counsel
Nebraska Bar No: 19693
Civil Rights Legal Defense & Edu. Fund, Inc.

/s/ Marisa Y. Salazar_____

Marisa Y. Salazar, Regional Counsel
ATTORNEY IN CHARGE FOR APPELLANTS
New Mexico Bar No: 25887
Civil Rights Legal Defense & Edu. Fund, Inc.
519 Culebra Road, San Antonio, Texas 78201
Telephone: 210-334-5209 Fax: 210-492-1601

**CERTIFICATE OF SERVICE**

This is to certify that on March 28, 2013, the attached Appellants' Statement of Issues was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system, including the Counsel listed below. Parties may access this filing through the Court's system.

Jimmy Rodriguez, Assistant U.S. Attorney, Southern District of Texas, 919 Milam, Suite 1500, P.O. Box 61129, Houston, TX 77208, **Attorney for Appellees**

/s/Marisa Y. Salazar_____
Attorney for Appellants